UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LABRITTNY ANTOINETTE WADE** | CIVIL ACTION |
| Plaintiff, | NO. |
| VERSUS | |
| | JUDGE BARBIER |
| **BP EXPLORATION & PRODUCTION, INC.** AND **BP AMERICA PRODUCTION COMPANY** | MAG. JUDGE WILKINSON |
| Defendants. | |

Related to:   12-968 BELO
              in MDL No. 2179

## BELO COMPLAINT

COMES NOW, Plaintiff, LABRITTNY ANTOINETTE WADE, by and through the undersigned counsel, hereby brings this cause of action against BP Exploration & Production, Inc. ("BP Exploration") and BP America Production Company ("BP America") and hereby states as follows:

### INTRODUCTION

1. Plaintiff is a Natural Person of the age of majority, and a citizen and resident of Panama City in Bay County, FL and a clean-up worker as defined by the Medical Settlement Agreement ("MSA").[1]

2. Pursuant to the terms of the MSA, Defendants herein are BP EXPLORATION & PRODUCTION, INC., and BP AMERICA PRODUCTION COMPANY (collectively "BP Defendants"), both are incorporated in Delaware.

---

[1] Deepwater Horizon *Medical Benefits Class Action Settlement Agreement*, *as Amended on May 1, 2012*, MDL 2179, Rec. Doc. 6427-1 (May 3, 2012), § II.Q.

## JURISDICTION

3. This is a Back-End Litigation Option lawsuit ("BELO") for Later Manifested Physical Conditions ("LMPC") filed pursuant to the terms and requirements of the MSA. This Court has jurisdiction over this matter pursuant to 28, U.S.C. § 1332, because all of the parties are diverse in citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4. BP Defendants are both corporate citizens of Delaware and not citizens of Louisiana.

5. Plaintiff has complied with all requirements for timeliness and seeks to recover for all damages allowable under the MSA for LMPCs suffered as a result of the *Deepwater Horizon Oil Spill* ("Oil Spill").

6. The Northern District of Florida is the most appropriate venue. Plaintiff was hired by Eagle SWS and worked in Destin, Okaloosa County, FL and lived in Panama City, Bay County, FL in Northern Florida, at the time of exposure. Considering the relative ease of access to sources of proof, the ability to secure attendance of witnesses, and the ability to minimize costs of witnesses make the appropriate venue for this cause of action is Northern Florida.

## GENERAL FACTS

7. The BP Oil Spill occurred with the blowout of the Macondo Well which was drilled by the Deepwater Horizon Rig (DHR) on the outer continental shelf in the Gulf of Mexico, approximately 130 miles southeast of New Orleans, Louisiana;

8. The explosions and fire on board the DHR occurred on or about April 20, 2010;

9. Crude oil and other hydrocarbons were released following the explosion that contained benzene and other volatile organic compounds such as ethylbenzene, toluene, xylene and naphthalene, polycyclic aromatic hydrocarbons ("PAHs"), diesel fumes and heavy metals such as aluminum, cadmium, nickel, lead, and zinc.

10. Crude oil, specifically, contains chemicals such as benzene, PAHs, and many other chemicals that are toxic, and move from the oil into the air. Once airborne, these chemicals, with pungent petroleum like odors, can blow over the ocean for miles, reaching communities far from the location of the Oil Spill.

11. Subsequently, response activities were performed by clean-up workers under the direction of Unified Command.

12. As part of the response activities, BP Defendants purchased highly noxious chemical dispersants from Nalco and/or its subsidiaries which were sprayed over large areas that contained oil. These dispersants include Corexit® EC9500A and Corexit® EC9527A (collectively referred to as "Dispersants").

13. The Material Safety Data Sheet ("Data Sheet")[2] for Corexit EC9500 indicates that it contains hazardous substances, that it is harmful to human health, and that dermal exposure, inhalation, and ingestion should be avoided. The Data Sheet further states that Corexit® EC9500 is an eye and skin irritant and may irritate the respiratory tract if inhaled. If ingested, it may cause chemical pneumonia.

14. The Data Sheet for Corexit® EC9527A also indicates that it contains hazardous substances, it is harmful to human health, and that dermal exposure, inhalation, and ingestion should be avoided. The Data Sheet further states that Corexit® EC9527A is an eye and skin irritant and, if inhaled, may irritate the respiratory tract. If ingested, it may cause liver and kidney effects and/or damage, or irritate the gastrointestinal tract. Acute exposure may cause adverse central nervous system effects, nausea, vomiting, and anesthetic or narcotic effects.

15. In addition, Corexit® EC9527A contains 2-butoxyethanol ("EGBE"). Repeated or excessive exposure to EGBE may cause injury to red blood cells, the kidneys, and the liver.

---

[2] A form that sets forth the properties of a particular substance, including its toxicity and health effects.

EGBE may be carcinogenic to humans. It is an eye, nose, and throat irritant. It can cause nausea, vomiting, diarrhea, and abdominal pain. Exposure to EGBE can also cause headaches, dizziness, lightheadedness, and unconsciousness. Exposure to EGBE can damage a developing fetus, and chronic exposure may result in damage to the male and female reproductive systems in animals.

16. Both Dispersants also contain non-specified organic sulfonic acid salt, which is "moderately toxic," as well as propylene glycol, a chemical with solvent properties. Propylene glycol is a mild irritant, and exposure to high levels of propylene glycol and mists containing this chemical can cause eye, nose, throat, and lung irritation. Some individuals are allergic to propylene glycol and those with eczema may be at higher risk. Exposure may cause erythema, edema, induration, and other skin problems.

17. Plaintiff incorporates by reference and adopts as if set forth herein the Medical Class Action Complaint previously filed in *In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010* in the U.S. District Court for the Eastern District of Louisiana, as of April 16, 2012, in Civil Action No. 12-cv-968.[3]

## CAUSE OF ACTION

18. During all relevant times, Plaintiff was a clean-up worker from approximately June 1, 2010 to November 30, 2010. Plaintiff was employed by Eagle SWS.

19. Plaintiff submitted a claim for a Specified Physical Condition (SPC0015602) and was approved as a Class Member[4], receiving a(n) A1 level determination for a condition not being claimed in this BELO Complaint.

20. As a Clean-Up Worker, Plaintiff performed shoreline clean-up, as defined by the MSA. Throughout her performance of shoreline clean-up, Plaintiff was exposed through inhalation,

---

[3] *Medical Class Action Complaint*, No. 12-cv-968, Rec. Doc. 1.
[4] *MSA*, § II.EEE.

airborne and direct contact to oil, dispersants, and other harmful chemicals. Plaintiff was exposed to the oil, dispersants, and other harmful chemicals throughout the duration of her time as a clean-up worker as a result of the Oil Spill.

21. On more than one occasion, Plaintiff was also exposed to oil, dispersants, and harmful chemicals when her eyes, nose, mouth, and skin were exposed by the lack of proper protective gear.

22. After her exposure to the oil, dispersants, and other harmful chemicals, Plaintiff suffered permanent injuries and was first diagnosed with Chronic Sinusitis on April 14, 2014, respectively.

23. On or about January 23, 2018, Plaintiff was issued a valid Notice of Intent to Sue (LMPC#0041228).[5]

24. On or about March 2, 2018, Plaintiff received BP Defendants' Notice of Election *Not* To Mediate. *See* Exhibit A.

25. This Complaint has been timely filed within the requisite six (6) month period from the date of BP Defendants' notice.[6]

26. Plaintiff's permanent injuries and LMPCs were legally and proximately caused by exposure to oil, dispersants and other harmful chemicals from the Oil Spill.

27. BP Defendants are therefore liable under state and federal law and in accordance with the terms of the MSA.

28. Plaintiff, Labrittny Antoinette Wade, itemizes her damages as follows:

    a. Pain and suffering;
    b. Mental anguish;
    c. Medical expenses;
    d. Lost earnings;

---

[5] *MSA*, § VIII.A.
[6] *MSA*, § VIII.G(1)(b).

      e. Loss of earning capacity;
      f. Other economic loss;
      g. Loss of enjoyment of life; and
      h. Fear of future medical issues.

Moreover, Plaintiff seeks any and all damages or relief that this Honorable Court deems just and proper.

29. Plaintiff requests a trial by jury.

**WHEREFORE**, Plaintiff prays that the Defendants by duly cited to appear and answer this Complaint and that this Honorable Court grant Plaintiff relief to which she is entitled to under the law and against BP Defendants, including court costs and compensatory damages.

Respectfully Submitted,

**THE DOWNS LAW GROUP, P.A.**

/s/ Craig T. Downs
**CRAIG T. DOWNS**, **FL BAR # 801089**
**VANESSA E. DIAZ**, **FL BAR #120087**
**NATHAN L. NELSON, FL BAR #1002523**
3250 Mary Street, Suite 307
Coconut Grove, FL 33133
Telephone: (305) 444-8226
Facsimile: (305)-444-6773
Email: cdowns@downslawgroup.com
vdiaz@downslawgroup.com
nnelson@downslawgroup.com
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct going of the foregoing instrument was filed with the Clerk of Court by using the CM/ECF system. Notice of this filing will be sent to all counsel of record registered to receive electronic service by operation of the Court's electronic filing system.

Dated this 31st day of August 2018

　　_/s/ Craig T. Downs_
Craig T. Downs, Esq.